```
IN THE UNITED STATES DISTRICT COURT FOR THE
         SOUTHERN DISTRICT OF GEORGIA
                DUBLIN DIVISION
```

| | | |
|---|---|---|
| IN RE: SARALAND, LLLP, | * | Bankruptcy No. 12-30113 |
| Debtor. | * | Chapter 7 Proceeding |
| UNITED STATES OF AMERICA for the use of LISTER HARRELL, SARALAND, LLLP, and PARADISE FARMS, INC., | * | |
| Appellants, | * | CIVIL ACTION NO. CV 319-030 |
| vs. | * | Adversary Proceeding No. 18-03002 |
| TODD BOUDREAUX and LIBERTY MUTUAL INSURANCE CO., | * | |
| Appellees. | * | |

O R D E R

Appellants Lister Harrell, Saraland, LLLP, and Paradise Farms, Inc., appeal the Opinion and Order of the United States Bankruptcy Court of March 30, 2019, granting the Appellees' motions to dismiss. (See generally Opinion and Order, Case No. 18-03002 (Bankr. S.D. Ga. Mar. 30, 2019), Bankr. Doc. 54.) This Court has jurisdiction under 28 U.S.C. § 158(a)(1) because the Opinion and Order was a final order dismissing the Appellants' adversary proceeding.

The adversary proceeding relates to a Chapter 7 case filed by Debtor Saraland, LLLP in the United States Bankruptcy Court for the Southern District of Georgia. Saraland is a limited liability

partnership, consisting of Lister Harrell with a 99% ownership interest and Paradise Farms, Inc. with a 1% ownership interest in the partnership. Harrell is also the sole shareholder of Paradise Farms. (Compl., Bankr. Doc. 1, ¶¶ 6-7.)

On March 29, 2012, Harrell filed a Chapter 11 petition on behalf of Saraland. (Id. ¶ 10.) Appellee Todd Boudreaux was appointed as Chapter 11 Trustee. (Id.) Appellee Liberty Mutual Insurance Company issued a blanket bond covering Boudreaux as the Chapter 11 Trustee and later as Chapter 7 Trustee. (Id. ¶ 11.)

The bankruptcy cases of Saraland, Paradise Farms, and Harrell have been pending for more than seven years with many disputes and appeals. This proceeding began with the filing of an adversary complaint on April 4, 2018. The complaint alleges the following facts: On April 10, 2013, Harrell and his attorney met with Boudreaux to discuss bankruptcy matters including full payment of all creditors and dismissal of the bankruptcy petition. (Id. ¶ 12.) On April 17, 2013, Boudreaux informed Harrell that it would take $6,000,000 to pay all creditors and requested that Harrell meet at Boudreaux's office on April 22, 2013 with a plan to pay off the creditors. (Id. ¶ 14.)

On April 22, 2013, Harrell gave Boudreaux a commitment from H.G. Youmans of Youmans Wood and Timber, who planned to harvest and purchase timber on property owned by Saraland, the proceeds of which

2

would be used to pay off all creditors. (Id. ¶ 15.) Notwithstanding Harrell's representation, Boudreaux took no action to determine the viability of the Youmans commitment. Instead, according to the complaint, Boudreaux "aided by Dodge County District Attorney Tim Vaughn, unlawfully and illegally seized property from Harrell's home in Dodge County, Georgia. Also, on May 31, 2013, Boudreaux filed an interim report with the United States Bankruptcy Court, in which [] Boudreaux wrongfully accused Harrell of crimes, misappropriation of property and other wrongful acts." (Id. ¶ 16.) Further, Harrell was arrested and remained incarcerated from May to October 2013 as a result of the actions of District Attorney Vaughn. (Id. ¶ 19.) The complaint continues that Boudreaux was aware of Harrell's incarceration and improperly sold his property and comingled funds for personal gain. (Id. ¶¶ 17, 19.)

Based upon these general allegations, the complaint sets forth six causes of action: breach of fiduciary duty, comingling funds, conversion, fraud, accounting, and breach of bond. In particular, the fraud count alleges that Boudreaux committed fraud when he gave assurances to Harrell on April 22, 2013 that he would contact Youmans about the harvesting commitment, knowing then that he never intended to contact Youmans but instead planned to use the office of Trustee for his own gain. (Id. ¶ 32.)

3

On May 29, 2018, Appellees Boudreaux and Liberty Mutual, defendants in the adversary proceeding, filed separate motions to dismiss all counts of the complaint on the following grounds: res judicata, collateral estoppel, failure to state a claim, Boudreaux's immunity from suit, lack of standing, statute of limitations, and failure to follow Federal Tort Claims Act procedure. The Bankruptcy Court held a hearing and received post-hearing briefs from both sides. In its Opinion and Order of March 30, 2019, the Bankruptcy Court dismissed all counts upon finding that res judicata, collateral estoppel, lack of standing, and absolute immunity bar Appellants' claims. In particular, the Bankruptcy Court recounted the numerous occasions that it had addressed the same allegations of fraud, misappropriation, or misfeasance against Boudreaux throughout the Saraland bankruptcy proceeding as well as other related proceedings. For instance, in recounting the Orders dismissing two other adversary proceedings, Bankr. Case Nos. 14-03013 and 14-03015, the Bankruptcy Court explained that Appellants had claimed that Boudreaux raised false accusations against Harrell leading to his arrest, illegally seized property, and failed to properly respond to the Yeomans "commitment letter." (Op. and Order, at 31.) Upon determining that the Dismissal Orders were final adjudications on the merits, the Bankruptcy Court concluded that the Dismissal Orders operated as

4

res judicata as to Harrell and Saraland's claims in the instant complaint. (Id. at 32-34.) As another example, the Bankruptcy Court found that its resolution of Harrell's 2014 motion to rescind the contract of sale from Saraland to Carter Clements is res judicata as to Harrell, Saraland, and Paradise Farms with respect to "the claims in Plaintiffs' Complaint which have been brought." (Id. at 36-40.) These are but two examples of the Bankruptcy Court's thorough review of numerous proceedings under the doctrine of res judicata. The Bankruptcy Court concluded its discussion of res judicata with the following observation: "[T]hese motions and orders show a small sample of the numerous pleadings filed in the three bankruptcy cases by Mr. Harrell, raising these same issues on behalf of himself and Saraland and Paradise Farms. . . . Mr. Harrell appeared on numerous occasions and made these same arguments. . . . This case illustrates the need and purpose behind the doctrine of res judicata." (Id. at 46-48.)

Next, the Bankruptcy Court went on to find that "the issues Plaintiffs raise in the current Complaint were actually raised and actually litigated by the same parties or their privities, the issues were a critical and necessary part of the prior action and the Plaintiffs had a full and fair opportunity to litigate the issues with the Court considering and denying the matters on the merits. . . . For these reasons, the Court finds **the current**

**Complaint** barred by the doctrine of collateral estoppel." (Id. at 49-50 (emphasis added).)

Then, after addressing the other grounds asserted by the defense motions, the Bankruptcy Court clearly granted dismissal based upon res judicata and collateral estoppel (as well as failure to state a claim, immunity and standing) and dismissed the entire adversary proceeding.

On appeal to this Court, Appellants assert only two errors: (1) that the Bankruptcy Court failed to rule on the fraud claim and therefore, the fraud claim remains viable; and (2) that the fraud claim against Boudreaux individually is not barred by the statute of limitations. Upon review of the Opinion and Order, the parties' briefs, and the relevant law, this Court utterly fails to comprehend Appellants' assertion that the Bankruptcy Court did not address the fraud claim. The fraud claim rests upon factual assertions and claims that the Bankruptcy Court found were already litigated in prior proceedings. In fact, in discussing Harrell's 2014 motion to rescind in the Opinion and Order, the Bankruptcy Court specifically notes that the motion to rescind "details the same allegations/claims in the current Complaint, regarding the Yeomans offer, . . . claims of false statements by Boudreaux, . . . and Boudreaux's purported lack of accounting and communications and other wrongdoings." (Id. at 10.) These are the very allegations

that underpin the fraud claim in this case. And, the Bankruptcy Court determined that its resolution of the motion to rescind has a preclusive effect on the current complaint, that is, **all** claims in the complaint.

To be clear, Appellants do not appeal the Bankruptcy Court's determination that res judicata, collateral estoppel, or any other ground warrants dismissal of the complaint. Appellants simply assert that some how the Bankruptcy Court's findings and conclusions do not reach the fraud claim. The Bankruptcy Court's very thorough and well-reasoned Opinion and Order belies this assertion.

Upon the foregoing, and finding that the Bankruptcy Court determined that res judicata and collateral estoppel bars every claim in the complaint including the fraud claim, the Court hereby **AFFIRMS** the Opinion and Order of March 30, 2019. Thus, there is no need to address Appellants' assertion of error respecting the statute of limitations. The Clerk of Court is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of October, 2019.

_____
UNITED STATES DISTRICT JUDGE